## William McCombs v. Amos Johnson et al.

*Entry of appearance—Dismissal of appeal—Error.*

Motion was made in the circuit court to dismiss an appeal from the judgment of a justice of the peace, on the ground that it was not taken in due season, and also that the paper purporting to be a return was not made by the justice for that purpose. On these points there was room for dispute; but as it appeared that the appellees had entered their appearance in the circuit court generally: *Held,* that the appeal ought not to be dismissed.

Error lies on the final disposition of a case in the circuit court on motion to dismiss.

Error to Mecosta. Submitted Jan. 18. Decided Jan. 25.

Assumpsit. Defendants bring error. Reversed.

*John B. Upton* and *Frank Dumon* for plaintiff in error. The dismissal of an appeal from a justice is a final determination of the case: *Stall v. Diamond* 37 Mich. 429; *Willis v. Gimbert* 27 Mich. 92; *Robens v. Videto* 33 Mich.

240; *Van Santvoord v. St. John* 6 Hill 157; *Clason v. Shotwell* 12 Johns. 31; and error will lie, whatever the form: *Pearson v. Lovejoy* 35 How. Pr. 193: 53 Barb. 407; general appearance in an appellate court to notice an appeal is a submission to jurisdiction: *Coppernoll v. Ketcham* 56 Barb 111; *Lane v. Leech* 44 Mich. 165; *Falkner v. Beers* 2 Doug. (Mich.) 119; *Clapp v. Graves* 26 N. Y. 419; *Tower v. Lamb* 6 Mich. 363; *Wells v. Scott* 4 Mich. 347; *Roelofson v. Hatch* 3 Mich. 279; *Pierce v. Rehfuss* 35 Mich. 55; *Michels v. Stork* 44 Mich. 2; where the record does not show that the appearance was qualified it is to be assumed to be general: *Heeron v. Beckwith* 1 Wis. 17; *Lowe v. Stringham* 14 Wis. 222; *Cron v. Krones* 17 Wis. 401; general appearance waives irregularities of process: *Stonach v. Glessner* 4 Wis. 275; *Cord v. Hirsch* 17 Wis. 408; *Woodruff v. Sanders* 18 Wis. 161; *Barker v. Ins. Co.* 24 Wis. 630; *Dake v. Miller* 15 Hun 356; *Mors v. Stanton* 51 N. Y. 649; *Pixley v. Winchell* 7 Cow. 366; *Wright v. Jeffrey* 5 Cow. 15.

*J. H. Palmer* for defendants in error.

COOLEY, J. An appeal from the judgment of a justice of the peace was dismissed in this case on the ground that it had not been taken in due season, and also because no return had ever been made to it.

The appeal appears to have been duly claimed on the fourth day after judgment was rendered, and a bond was tendered on that day. The justice makes affidavit that he required another surety to the bond before he would approve it, and that the appellant took it away to procure a surety, and did not return it until the sixth day after judgment; which would have been too late. The bond was then approved, and the approval is dated as of the time when it was first presented.

The justice also says he never made any return to the appeal, and that his fees for making one were not paid. A transcript of the proceedings before him is on file, together

with the appeal bond, but he explains this by saying that he gave a transcript to the appellant for his own use, and not for filing. This is denied by the appellant, and there is much reason for believing the justice is mistaken. It is shown in the case that subsequent to the filing of the transcript and bond the justice himself put on file in the circuit court the paper on which suit was brought; and he would have been very unlikely to do this if he had not understood an appeal had been taken.

But what is more conclusive in the case is, that the appellees entered their appearance generally in the circuit court before the motion to dismiss was made. That was conclusive of the jurisdiction of the circuit court. *Shaw v. Moser* 3 Mich. 71; *Tower v. Lamb* 6 Mich. 36.

As the case was finally disposed of in the court below, a writ of error will bring up the record.

The judgment of dismissal must be reversed with costs.

The other Justices concurred.