R. C. G. LOVE v. M. H. RHYNE.

*Jurisdiction—Counter-claim—Equity—Partnership.*

1. In an action before a justice of the peace for a sum due by note and within his jurisdiction, *it was held* that a counter-claim consisting of an alleged indebtedness arising out of unadjusted partnership dealings between the parties, could not be allowed—the jurisdiction to settle such matters being in a court of equity.

2. The principle announced in *Murphy* v. *McNeill*, 82 N. C., 221, and *Boyett* v. *Vaughan*, 85 N. C., 363, approved.

(*Graham* v. *Holt*, 3 Ired., 300; *Murphy* v. *McNeill*, 82 N. C., 221; *Fisher* v. *Webb*, 84 N. C., 44; *Derr* v. *Stubbs*, 83 N. C., 539; *Boyett* v. *Vaughan*, 85 N. C., 363, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of GASTON Superior Court, before *Avery, J.*

This action was commenced before a justice of the peace for the recovery of the sum of $104.33 due by note and account, and the only defence set up, as a counter-claim or set-off, is an alleged indebtedness arising out of unadjusted partnership dealings between the parties and to be ascertained upon a settlement. The justice upon the evidence adduced disallowed the defendant's claim and upon his appeal the cause was removed to the superior court. There, upon defendant's motion, opposed by the plaintiff, a reference was made to the clerk to take and report an account of the partnership matters. When the report came in at a

subsequent term, the plaintiff moved the court to vacate the order of reference and set aside the report. He was allowed also to interpose a demurrer upon the ground that the matters of defence were of exclusive equitable cognizance and not within the jurisdiction conferred upon the justice, and thereupon he demanded judgment for his undisputed demand. The court overruled the demurrer, denied the plaintiff's motion, and he appealed.

*Messrs. G. F. Bason* and *Schenck & Cobb,* for plaintiff.
*Messrs. Wilson & Son,* for defendant.

SMITH, C. J. The only question, as the record states, intended to be presented on the appeal, is, whether the justice has "jurisdiction of the defence set up in the answer," and to this, without reference to any irregularity in the proceedings, our attention will be confined.

The jurisdiction in the adjustment of partnership transactions, under our former system, was committed alone to the court of equity, and no action growing out of them could be maintained at law by one partner against another, until a settlement, and for a definite sum found to be due. "At law," says Mr. CHITTY, "one partner cannot in general sue his co-partner or co-tenant in any action in form *ex contractu,* but must proceed by action of account, or by bill in equity ; a rule founded on the *nature of the situation of the parties, the difficulty at law of adjusting complicated accounts between them, and the propriety, arising from the confidence reposed by the parties in each : other* of their being examined upon oath, which can only be effected in a court of equity. Therefore in the case of a co-partnership, one partner cannot at law recover a sum of money received by the other on account of the firm, unless on a balance struck that sum is found to be due to him alone." 1 Chitty Pl., 26.

In like manner, DANIEL, J., declares, that "before one

37

partner or his representative can sue another partner at law, the settlement of the firm must be complete and a balance struck." *Graham* v. *Holt,* 3 Ired., 300.

While one of the reasons assigned for the rule—the inability to examine the parties and obtain their testimony—no longer exists under the recent changes in the law of evidence, the rule is firmly established in practice. The exclusive jurisdiction thus vests, not because there is no contract, (for all partnerships and joint operations rest upon the basis of an agreement, express or implied,) but because in the course of its execution equities spring up among the members, which can only be adjusted in a court of equity. These equities confer the jurisdiction to be exercised, and not the contract from which they flow.

The governing principle is decided in *Murphy* v. *McNeill,* 82 N. C., 221. It cannot be supposed that the constitutional provision (Art. IV, § 27,) which gives to a justice of the peace jurisdiction, "under such regulations as the general assembly shall prescribe, of civil actions founded on contract wherein the sum demanded shall not exceed two hundred dollars," was intended to confer upon these subordinate judicial officers the large plenary powers necessary to be exercised in adjusting partnership transactions, and ascertaining to whom and what sums are due.

In a recent case where the subject was fully considered, the court say : "We do not understand that in this change of systems any portion of the jurisdiction of a court of equity has been apportioned to a justice's court, so as to enable it to try any action, however small the amount involved and though incidentally connected with a contract, which was heretofore solely cognizable in a court of equity." *Fisher* v. *Webb,* 84 N. C., 44; *Mebane* v. *Layton, ante,* 571.

As the settlement of a partnership cannot be enforced in an action before a justice, neither is it admissible when

urged by the defendant as a means of extinguishing, by a resultant balance to be ascertained upon settlement, the demand, or any portion of it preferred by the plaintiff. *Derr* v. *Stubbs*, 83 N. C., 539 ; *Boyett* v. *Vaughan*, 85 N. C., 363.

It was urged by Mr. Wilson, in support of the remedy, that if disallowed, an insolvent debtor owing the defendant a much larger sum than his own claim might collect his debt and not pay that due the defendant. If this inconvenience does in fact follow, it cannot be allowed to unsettle the fundamental rules of pleading and practice. But we do not see why, in such case, the enforcement of the smaller demand may not be restrained until the larger debt can be ascertained and applied to its payment, unless it would interfere with the exemptions allowed by law; and this equity is the stronger, for that, it was unattainable as a defence to the action for a defect of jurisdiction in the justice's court to entertain it.

We are therefore of opinion that the plaintiff was entitled to his motion for judgment, the only defence to the action being the alleged counter-claim.

Judgment reversed and judgment here for the plaintiff.
Error.                                           Reversed.