52　409
s18NW 193
130 ¹387

SUSAN HAMILTON v. WILLIAM JENNISON, A CIRCUIT JUDGE FOR WAYNE COUNTY.

*Justices' courts—Affidavit for appeal.*

1. An unsigned affidavit for an appeal from a justice's court is not fatally defective; and if the appellee appears and notices the case for trial the omission of the signature is waived.

2. How. St. § 7020 in providing that no appeal from a justice shall be dismissed on the ground of a defective affidavit if the appellant makes a proper one, means affidavits that are fatally defective; any other would be sufficient.

Mandamus.   Submitted Jan. 22.   Granted Jan. 23.

*Charles B. Howell* for the motion.

PER CURIAM.   Relator was party to a suit before a justice of the peace, and judgment was given against her.   She appealed to the circuit court, or attempted to do so, and to that end filed with the justice an appeal bond and what purported to be the statutory affidavit.   As matter of fact, however, oath was never made to the affidavit.   The justice made return to the circuit court, and the appellee appeared in that court and noticed the case for trial.   Subsequently he moved to dismiss the appeal for want of jurisdiction; the defect pointed out being that there was no affidavit for appeal.   The circuit judge held that the defect was fatal, and that the want of an affidavit could not be supplied.

The statute provides that " No appeal shall be dismissed on the ground of a defective affidavit, nor because the same does not conform to the provisions of this chapter: provided, the appellant, his agent or attorney, shall make an affidavit which shall conform to said provisions."   How. St. § 7020.

This is a statute in furtherance of justice.   The purpose is to save to the party his appeal where through inadvertence or otherwise an affidavit in conformity to the statute has not been filed.   The defective affidavit which the party is to be allowed to supplant with one which is sufficient, is an affidavit which is fatally defective; for if it is not fatally defective it is of course sufficient, and no new one is needed.   An affidavit in due form but to which, through inadvertence, the party has failed to make oath, is such a defective affidavit.   The court should have permitted a perfect affidavit to be filed, if needful to sustain the appeal; but we do not think it was needful after the appellee had appeared and noticed the case for trial.   The defect was thereby waived.

Motion allowed.