S. J. HOOKS AND J. E. BLACK v. JAMES A. HOUSTON AND W. H. A. KLUTTZ.

*Payment—Jurisdiction of Justices— Witnesses—Corroboration— Trial—Instruction not Asked—Exceptions to Charge.*

1. It was not error to refuse to strike out the defendant's answer and to give judgment for the plaintiffs, in an action on a bond begun before a Justice, where the defence was payment, upon the ground that the settlement of a partnership account was required, of which the Justice did not have jurisdiction, when the defendant testified that upon selling a half interest in a partnership between himself and the assignor of the plaintiffs, it was agreed that his half interest in two bags of cotton, belonging to the partnership, should be applied to the payment of the bond, as the defence was not predicated upon such settlement, but upon the agreement that the cotton should be specifically applied to the payment of the bond sued on.

2. For the same reason it was not error to refuse to permit the plaintiffs to show that, upon an accounting before the Justice, the defendant was indebted to the plaintiffs outside of the bond sued on.

3. Where defendant's testimony was contradicted by that of the plaintiff, it was proper to permit him to be corroborated by showing by his wife that he made statements to her similar to those testified to on the trial.

4. The failure to give instructions not asked is not error.

5. A general exception to the charge cannot be considered.

CIVIL ACTION, commenced before a Justice of the Peace, and tried on appeal at Spring Term, 1891, of MECKLENBURG Superior Court, before *Merrimon, J.*

The plaintiffs seek to recover the sum of $42.50, with interest at eight per cent. from March 30th, 1880, alleged to be due by note of defendant made payable on that day to H. A. Kluttz, and endorsed to plaintiffs for value after maturity. The execution of the note was not denied, but the defendant relied upon the plea of payment and, as a witness in his own behalf, testified in substance that he paid the note

in cotton at Kluttz's gin, which was sold by Kluttz and applied to the payment of the note. Upon cross-examination, he testified in substance that he and Kluttz entered into partnership to gin cotton, in which he was to have half; that by agreement one Tharrell was to take his place in the partnership, and he was to " come out;" that up to this time they had sold three bales of cotton, and two remained, one-half the proceeds of which was his. He had testified that the cotton weighed about 900 pounds, and brought about ten and a half cents per pound. Counsel for plaintiffs moved the Court to strike out the defendant's plea of payment, and render judgment for the plaintiffs, " upon the ground that the Justice's Court had no jurisdiction to settle partnership matters." Motion refused, and plaintiffs excepted.

There was further testimony by defendant on cross-examination in regard to the sale of cotton, and money collected for bagging and ties to the amount of $60 to $75, of which the defendant used only one dollar; and the defendant testified that Kluttz never asked him to pay the note; that he was notified by the plaintiffs in 1887 that they had the note, and that he was solvent at all times.

The plaintiffs renewed their motion, which was again refused, and they excepted.

Plaintiffs then introduced Kluttz as a witness, who testified, in substance, that he and defendant were partners to gin cotton; that he saw Tharrell and proposed " to sell out to him," when Tharrell told him he had " bought out Houston;" that Houston sold out without his knowledge; that he went to Houston for a settlement but could not get it; that there were two bales of cotton left at the gin, and Houston told him to sell it and pay the creditors, which he did; that nothing was said about applying Houston's interest in the cotton to the payment of the note—" all went to the use of the firm; total amount of the note is now due and nothing has been paid." There was further testimony by this witness

tending to show that the partnership had not been settled, and that the defendant sold out his interest to Tharrel for ten dollars, without the knowledge of Kluttz, and that nothing was said about applying the cotton to the payment of the debt sued on.

Plaintiffs' counsel then offered to prove by T. J. Renfrow, the Justice who tried the case, that on the trial before him Kluttz and Houston both produced itemized statements of their respective claims in regard to the partnership business, and that witness made a calculation and found twelve cents in favor of plaintiffs outside of note sued on. Witness nor parties cannot produce their statement, and witness cannot recollect what the items were, and has destroyed the statements and calculation, and can only state the balance he found due defendant.

Objected to; objection sustained, and plaintiffs excepted.

Defendant then introduced Mrs. Houston, who testified as follows: "When my husband sold out he told me the two bales of cotton were left there to pay the note. Mr. Kluttz was not present at the time." Plaintiffs objected; objection overruled, and plaintiffs excepted.

"I asked Mr. Kluttz what was the difference between Mr. Houston and himself?" He said "Nothing, or very little."

In addition to the exceptions which appear in the record, "plaintiffs except to the charge, and allege as error his Honor's leaving the question of payment to the jury instead of instructing them that there was no evidence, or not sufficient evidence, to go to the jury that Kluttz agreed to take the cotton in payment of the note." To the issue, "Did defendant pay the note or bond sued on by the plaintiffs?" the jury responded "Yes." There was judgment for defendant, and plaintiffs appealed.

*Mr. H. Clarkson*, for plaintiffs.
*Mr. C. W. Tillett*, for defendant.

109 — 40

DAVIS, J.: The first exception is to the refusal of his Honor to strike out the defendant's answer and give judgment for the plaintiffs, upon the ground that the Justice of the Peace had no jurisdiction to settle partnership matters. This is not an action to settle a partnership. It is to recover money alleged to be due by note, which had no connection whatever with the partnership between Kluttz and the defendant, for it appears from the statement of the case on appeal that the note was given on March 30th, 1880, and the partnership was entered into in September, 1881, more than a year thereafter. The question whether the note had been paid or not, in no way depends upon the fact whether the partnership dealings had been settled or not. If it was agreed that Tharrell should take the place of the defendant as partner, and the cotton should be taken by Kluttz in payment of the note, as testified to by Houston, it makes no difference, so far as the note is concerned, whether the partnership was settled or not. The testimony of the defendant tended to show, not that the note was to be paid upon the settlement of the partnership, but by cotton belonging to the defendant then in the possession of the assignor of the plaintiffs, who took the note after its maturity. The defendant relied upon the plea of payment, and he is not seeking to establish a counterclaim growing out of unadjusted partnership dealings of which a court of a Justice of the Peace would have no jurisdiction, and the case of *Love* v. *Rhyne*, 86 N. C., 576, and cases cited by counsel for plaintiffs, have no application, and the first exception cannot be maintained.

The second exception is to the exclusion of the testimony of the witness Renfrow, that upon the settlement of the partnership dealings the defendant owed Kluttz twelve cents. That could have no bearing upon the question whether the note had been discharged by the proceeds of the cotton, as testified to by the defendant, and was properly excluded.

The third exception is to the testimony of Mrs. Houston, as to the statement the defendant Houston made to her, when he sold out as partner, in the absence of Kluttz. The authorities cited by counsel for plaintiffs abundantly establish the rule of evidence, that the declarations of one party made in the absence of the other are incompetent as original substantive evidence, but counsel agree that it was offered and admitted, not as substantive evidence, but only as corroborative of the witness Houston, and that it was competent for this purpose hardly needs citation of authority. *State* v. *Whitfield*, 92 N. C., 831, and authorities there cited.

The last exception was to the charge of his Honor in failing to instruct the jury that there was no evidence that Kluttz agreed to take the cotton in payment of the note. There was a conflict in the evidence, and that of the defendant tended to show that the note was paid in the manner stated, and we think his Honor submitted the question fairly and properly to the jury. Besides, the well settled rule that failure to give instructions not asked is no ground for error, the exception is a general one to the whole charge, and cannot be considered. *McKinnon* v. *Morrison*, 104 N. C., 362, and the numerous cases there cited.

Affirmed.