SHERWOOD *v.* IONIA CIRCUIT JUDGE.

JUSTICES OF THE PEACE—APPEAL BOND—WAIVER OF DEFECTS.

By appearing generally at the circuit in a case appealed from justice's court, the appellee waives his right to insist on a dismissal of the appeal for mere formal defects in the appeal bond. So *held* where, "in response" to a motion for security for costs, the appellee moved to dismiss on the ground that the justification of the sureties was taken before a notary public, instead of a justice of the peace or the county clerk, as required by 3 How. Stat. §§ 7000, 7001.

*Mandamus* by Josiah W. Sherwood and another to compel Frank D. M. Davis, circuit judge for Ionia county, to dismiss an appeal from justice's court, and to vacate an order requiring relators to file security for costs. Submitted November 5, 1895. Denied November 19, 1895.

*John Nichol,* for relators.

*Dwight Goss,* for respondent.

MONTGOMERY, J. Relators recovered a judgment before a justice of the peace against Lida A. Miller on the 29th day of April, 1895. An appeal was taken within the five days allowed by statute, a proper affidavit being filed, and a bond in amount sufficient and in proper form, save that the affidavit showing the responsibility of the sureties was sworn to before a notary public. The statute (3 How. Stat. § 7000) requires that the bond or recognizance shall be taken before the justice by whom the judgment is rendered, or by some other justice of the peace of the county, or by the county clerk, and section 7001 provides that no justice of the peace or county clerk shall take any bond or recognizance on appeal unless the person or persons entering into the same as surety justifies his or their responsibility on oath. Subsequently, and on the 17th of May, the relators entered a general appearance in the circuit court. In July a motion for

security for costs was made by defendant. The notice of this motion was insufficient, and, on the same day on which the motion was noticed to be heard, an order was made requiring plaintiffs to show cause why security should not be ordered. On the return day of this order relators entered a motion to dismiss the appeal on the ground that the bond was insufficient for the reason that the justification was not taken before the proper authorities, and opposed the motion for security on the same ground. The circuit judge ordered security, and refused to dismiss the proceeding. *Mandamus* is now asked to compel the circuit judge to enter an order of dismissal. In their petition the relators state that they entered the motion to dismiss "in response" to the order to show cause why the security should not be required. We assume that this is the fact, as it is quite evident that plaintiffs were not apprehensive that the bond was insufficient for their protection.

A general appearance gives jurisdiction, and is a waiver of defects in the bond, at least to the extent that after such appearance it is not the right of the defendant to have the case dismissed. 1 Enc. Pl. & Prac. 1000, 1001; *McCombs* v. *Johnson*, 47 Mich. 592. We do not hold that before an appearance the appellee may not move in form for a dismissal on account of a defect in the bond, or that on such motion the circuit judge may not enter an order *nisi* for the dismissal on failure to file a new bond; but a general voluntary appearance is a waiver of the right to insist on a dismissal for mere formal defects. The appellee may still have the right to move for a new bond on a proper showing, but such is not the motion in this case. On the contrary, the present motion is an attempt to assert a technical right, which the appellees had waived, "in response" to an application which defendant had a perfect right to make.

The writ will be denied, with costs.

The other Justices concurred.