J. W. BYRD v. FRANK BAZEMORE et al.

(Decided February 22, 1898.)

*Action for Trespass—Landlord and Tenant—Injunction —Practice—Appeal—Case on Appeal—Exceptions— Waiver.*

1. The transcript of a record in another action, not in evidence on the trial of the cause in which the appeal was taken, cannot be allowed as evidence or considered on the hearing of the appeal.

2. Where an appellant, whose case on appeal was excepted to by the appellee in an irregular manner, submitted the matter to the Judge for settlement, the defects in the appellee's exceptions were thereby waived.

3. In the trial of an action for trespass upon the plaintiff's possession, it appeared that the owner of land placed the plaintiff in possession under a verbal agreement that the plaintiff should take care of such owner so long as he should live; and that, plaintiff having cultivated only a portion of the land the first year, the owner leased a portion to others for the second year, whereupon plaintiff brought his action against the owner and his lessees for damages and sued out an injunction to restrain them from trespassing on his possession, alleging the insolvency of such lessees, but not of the owner. It also appeared that the plaintiff was indebted to the owner for money borrowed, and that he was insolvent. *Held*, that there was no ground for issuing an injunction.

BYRD *v.* BAZEMORE.

CIVIL ACTION heard before *Brown, J.*, at December, 1897, (special) Term of BERTIE Superior Court, on motion to dismiss the complaint and dissolve the restraining order theretofore issued. The motion was allowed and plaintiff appealed.

*Messrs. Francis D. Winston* and *St. Leon Scull* for plaintiff (appellant).

*Mr. R. B. Peebles* for defendant.

FURCHES, J.: Upon the call of this case, the plaintiff interposed two motions preliminary to the hearing upon the case as presented in the record proper. The first was to be allowed to offer in evidence on the hearing of the appeal in this Court, a transcript of record in another action, not in evidence on the trial of the case from which this appeal was taken. There are no precedents to support this motion, and there is as little principle to support it as there is precedent. It cannot be allowed.

The second motion was to adopt the plaintiff's statement of the case on appeal and substitute it for the case made by the Judge who tried the cause. This motion is based on the following facts, alleged by the plaintiff's attorney and not denied by the attorney of the defendant: That plaintiff in apt time prepared a statement of the case on appeal and served the same on the defendant's counsel; that the defendant's counsel excepted to all of the plaintiff's case, after the first word and before the last word, and returned it to the plaintiff's counsel; that the plaintiff then transmitted the case to the Judge to be settled by him, and went before the Judge and insisted that the Judge adopt his case as the case on appeal, which the Judge declined to do and settled the case, as it appears in the record proper.

This was not a compliance with the terms of

the statute, and is not approved by this Court as a rule of practice.  Had the plaintiff's counsel treated it as being no legal exception, filed his case on appeal with the Clerk, as provided for by the statute, it may be that he would be on a better footing than he is. But this question is not presented and we make no ruling upon it, and will not do so until the question is presented by the record.   But, if the plaintiff had such rights as we have been discussing, in our opinion he waived them when he recognized this as an exception, and went before the Judge to have the case settled. This motion is also denied.

This brings us to the consideration of the case on appeal as presented by the transcript proper.   And it reminds us of what we see so much of in the newspapers— "government by injunction."  The defendant being alone, took the plaintiff, his son-in-law, to live with him, upon a verbal agreement that he should take care of the defendant Bazemore for life and that he should have the land for his life, and then his wife (the defendant Bazemore's daughter) should have it in fee.  The plaintiff and his family moved in with Bazemore about the last of the year 1895 or in the early part of the year 1896, and the plaintiff tended a crop on the land in 1896; and he alleges in his complaint and reply that he paid the rent for that year.   He only cultivated a part of the land, and the defendant Bazemore rented a part of it to another person and he cultivated that, and paid the rent to the defendant Bazemore.   The plaintiff had but one horse, and could only cultivate a one horse crop. The defendant Bazemore offered to let the plaintiff take his crop, wherever he wished, but the plaintiff refused to select any part of the land for his crop.   The defendant Bazemore then rented a part of his land to the other defendants, and they commenced work thereon.   On

the 1st of April, 1897, the plaintiff commenced his action for damages against the defendants, and for an injunction against the defendant's trespassing on his possession. It is not alleged that Bazemore is insolvent, and it is admitted by the plaintiff that he was at the commencement of this action and now is indebted to the defendant Bazemore for advances and money loaned, to the amount of $70 or $75, and that he is insolvent.

Upon this state of facts, disclosed by the evidence of the plaintiff, the defendants moved for judgment upon the ground that the plaintiff had failed to make out a case. The Court sustained the motion, dismissed the action and dissolved the injunction theretofore issued. This ruling must be affirmed.

The verbal contract, if it was as testified to by the plaintiff, was void under the statute of frauds, which is pleaded and relied upon, and the plaintiff can derive no benefit from that. The only ground he has to rest upon is that he cultivated a part of the land in 1896, and he says paid the rent. This being so and he being allowed to remain on the land in 1897, the law will presume a tenancy for that year. But a tenant of what part of the land? The law by presumption would not increase his tenancy. It could only presume he was the tenant of what he cultivated in 1896. He did not cultivate it all in 1896, and the evidence fails to show what part he did cultivate; nor does it show that the defendants took possession of any part of the land that he had cultivated in 1896.

There was no ground for issuing the injunction, and of course it should have been dissolved when the plaintiff failed to make a case. There is no error and the judgment must be affirmed.          Affirmed.