The facts are stated in the opinion of the Court.
This is an action originally commenced before a justice of the peace to recover the sum of $194.78. We will say in the beginning that we do not approve the method of pleading generally adopted in the State, of issuing a summons for a defendant, merely requiring him to appear and answer a complaint upon a cause of action not stated in the summons and not afterwards stated before the (379) magistrate and recorded in his docket. We again call the attention of the profession to the provision of the statute that a plaintiff must somewhere, either in the summons or in the complaint before the justice, state substantially his cause of action, and the defendant must also set forth his defense in some way. The form of the pleadings is disregarded, but something must be done by the pleader (used in its technical meaning) to advise the court of the issues between the parties. The only allegation in this case is that $194.78 is due by the defendant and demanded by the plaintiff. It may be money due upon a broken contract *Page 368 
or for the conversion of property, and in the last case the court would have no jurisdiction. We infer, from the use of the word "indebted," that the cause of action is founded on contract, and therefore we will assume, upon this small bit of allegation, that the justice had jurisdiction, but we call the attention of the very able judges of our Superior Courts to the very careless manner in which pleadings before justices of the peace are framed, and urge upon them to require a more explicit statement of the causes of action and defenses, by amendment in their courts.
It appears in this case that the plaintiff commenced his action on 15 August, 1904; the defendant filed answers and the parties and their attorneys personally appeared before the justice on 16 August, 1904. Evidence was introduced by the respective parties, and, after hearing the case, the justice entered a judgment for the plaintiff on 16 August, 1904, the day agreed upon for the trial. It also appears that a criminal term of the Superior Court of Guilford County was held on 22 August, 1904, and a term for the trial of civil cases on 19 September, 1904. The appeal in this case was not docketed until 24 September, 1909. The case was not calendared or continued until May Term, 1909, when the case was called, and, after a jury had been impaneled, the plaintiff's counsel moved to dismiss the appeal and to affirm the judgment, which motion was allowed by the court.
The statute provides as follows: "If the appellant shall fail to have his appeal docketed as required by law, the appellee may, at the term of said court next succeeding the term to which the appeal is taken, have the case placed upon the docket, and, upon motion, the judgment of the justice will be affirmed." Revisal, sec. 607. "The justice shall, within ten days after the service of the notice of appeal on him, make a return to the appellate court and file with the clerk thereof the papers, proceedings and judgment in the case, with the notice of (380) appeal served on him." Revisal, sec. 1493.
The defendant utterly failed to enforce compliance with the second provision of the statute above quoted. The notice of appeal was served on 16 August, 1904, the day the judgment was rendered, and the appeal was filed in the clerk's office on 24 September, 1904. A criminal court was held in the county of Guilford on 22 August, 1904, and on 19 September, 1904, a civil term was held, according to the law in such case made and provided. The clerk's fee for docketing the case was not tendered or demanded. The case was docketed by the clerk on 24 September, 1904.
It also appears that the case was placed on the calendar for trial at the September Term of the court, and that prior to that time the defendant, after notice to plaintiff, had taken the deposition of a witness, *Page 369 
to be used at the trial, and that when the case was called for trial at the September Term a jury was impaneled, and after the court had commenced the trial before the jury the plaintiffs moved to dismiss the appeal, upon the ground that the defendant had not complied with the statute in the particulars already mentioned.
We think the court erred in dismissing the appeal. If the plaintiffs had not slept upon their rights and had made their motion to dismiss in apt time, we probably would have decided with them. Johnson v.Andrews, 132 N.C. 376; Blair v. Coakley, 136 N.C. 408; Lentz v.Hinson, 146 N.C. 31; Pants Co. v. Smith, 125 N.C. 588. In the cases cited we held that, "Upon a full consideration of this statute, the Court has decided that the appeal must be taken and the return made to the next term, whether criminal or civil, under the provisions of the statute." In the case of Blair v. Coakley, cited above, the question as to when and how an appeal should be taken from the inferior courts to the Superior Court (being a court of record) is fully discussed and the authorities cited. But this case, we think, does not come within the principles as stated in those cases. The justice had jurisdiction of the cause of action and, by the service of process, of the parties. The Superior Court, by the docketing of the case, acquired, derivatively, the jurisdiction of the justice, and nothing more. Raisin v. Thomas,88 N.C. 148, and cases cited, especially Love v. Rhyne, 86 N.C. 576. But it does not follow that the appellee, by whom the judgment before the justice was obtained, could not waive his right to object to any irregularities in the procedure by which the case was carried into the Superior Court, by his own laches or by such conduct as would be tantamount to an admission on his part that the irregularities had (381) worked no harm to him, and therefore he was willing to accept the jurisdiction of the higher court, as derived from the lower court, and try the case in the former court upon its merits.
This is not a case wherein there is any inherent lack of jurisdiction, in the magistrate or the Superior Court, of the cause of action or the person. If it had appeared that there was such failure in the jurisdiction of either court, that of the Superior Court being derivative only, as we have shown, then the defendants could not waive it, even by consent. This proposition is too plain and well settled for any further discussion or the citation of authorities. But in this case the appellees merely allege that there were irregularities in taking and perfecting the appeal, and, so far as appears, nothing was done or omitted to be done by the appellants which affected the appellees injuriously, upon the merits of the case.
The appellant cites the "aphorism" that "if a person has a case in court, the best thing he can do is to attend it." This is very true, and *Page 370 
no one would hesitate to endorse it. But the appellant forgot, perhaps, that in the Superior Court it applied as well to him as, in the transition of the case from the justice to the Superior Court, it applied to the appellee in this Court, the defendant in the action. It was the plaintiff's plain duty to act promptly, and at least diligently, in attacking the right of the defendant to be heard in the Superior Court. If they intended to take advantage of any technical delay of the defendant in carrying his case to the higher court, it was simple justice and even fairness that they should have said so before they entered upon the trial of the case, having accepted a jury in the Superior Court, and thereby expressed their willingness in the most emphatic way that the case should be heard in that court upon its real and legal merits. Litigants may waive their rights, and even their constitutional rights. We have so held. An appellee can waive any irregularity in serving a case on an appeal from the Superior Court to this Court by sending the case to the judge for settlement. Byrd v.Bazemore, 122 N.C. 115. Appearance waives informalities in depositions, but does not impart vitality to void process. McArthur v. Rhea,122 N.C. 614; Erwin v. Bailey, 123 N.C. 628. The filing of an affidavit for removal of a case from one justice to another is a waiver of defects in the service of process. Kiser v. Blanton,123 N.C. 402. The failure to plead to the jurisdiction involving the right of a judge to preside at a court is a waiver of the court's (382) right to proceed in the cause to final judgment. Short v. Gill, 126 N.C. 803. An objection that a summons returnable before a judge at chambers, instead of at term, is waived by failure to move for a transfer to the proper docket. Jones v. Comrs., 135 N.C. 218. The lack of service of a summons is waived by appearing and asking for arecordari. Johnson v. Reformers, 135 N.C. 385. Many other cases in our own reports might be cited to the same effect. The requirement of notice to the appellee by the party who appeals from a justice was not mandatory, in the sense that, under the law, it is essential to confer jurisdiction upon the Superior Court, for it may be expressly or impliedly waived by the appellee. When the defendant agreed to enter upon the trial and to the impaneling of the jury for that purpose, he thereby waived, in the most emphatic manner he could express his waiver, all prior irregularities or mere matters of form and all objections to the trial of the case in the Superior Court, except such as related to the jurisdiction of that court of the cause of action and the parties. This is perfectly clear to us. Let us, though, cite a few authorities. "By appearing generally on appeal, an appellee waives all defects and irregularities in the proceedings for an appeal." 24 Cyc., 694. "Appellees, in an appeal from a justice of the peace, having entered their appearances generally in the Circuit Court before a motion *Page 371 
to dismiss was made, such appearance was conclusive evidence as to the jurisdiction of such court, aside from the question as to whether an appeal was taken in time or proper return was made, and the judgment of dismissal should be reversed. On appeal from a judgment of a justice, an entry of general appearance by the appellee in the Circuit Court is conclusive of the jurisdiction of that court; so that, thereafter, a motion to dismiss the appeal because not taken in time, and because no returns had been made to it, cannot be entertained." McCombs v. Johnson, 47 Mich. 592. "Where an unauthorized appeal to the District Court was taken from the judgment of a justice of the peace, and the parties appeared in the District Court, submitted to its jurisdiction, amended their pleadings and consented to the trial of the case on the day fixed, the District Court acquired jurisdiction to hear and determine the case on its merits, notwithstanding the irregular mode in which it was brought into that court." Wrolsen v.Anderson, 53 Minn. 508; Knies v. Green, 53 Minn. 511. "Where, on an appeal from the judgment of a justice of the peace to the District Court, the appellee makes a general appearance, the court thereby acquires jurisdiction, though the transcript was not filed therein within thirty days after the (383) rendition of the judgment, as required by the Code of Civil Procedure, sec. 1011." Steven v. Ins. Co., 29 Neb. 187. "Where, on trial from a justice, both parties appear and proceed to trial, without objection to the want of service or failure to file the transcript, the defects will be considered waived." Rosenberg v. Barrett, 2 Ill. Ap., 386. We need not go as far as some of the above-cited cases do, in order to reverse the judgment in this case.
The reasons we have given and the authorities cited by us we think, with all deference to the very learned judge who presided at the trial of the case, and to the counsel who so ably presented the case in this Court, sufficiently dispose of the assignments of error adversely to the appellants.
The order of the judge dismissing the appeal is reversed and the cause is remanded, with directions to award a new trial.
Reversed.
Cited: Rawls v. R. R., 172 N.C. 212; Lindsey v. Knights of Honor,ibid., 822. *Page 372