*In re* DUNN'S ESTATE.

DUNN'S ESTATE *v.* WAYNE CIRCUIT JUDGE.

Executors and Administrators—Appeal From Probate Court—
Perfecting Appeal—General Appearance—Waiver.

> Where claimants entered a general appearance in the circuit
> court, and for approximately three years recognized that the
> appeal from the allowance of their claim in probate court was
> properly taken, they thereby waived appellant's failure to
> include in the record of his appeal the report of the com-
> missioners on claims, as required by 3 Comp. Laws 1915,
> § 14154. North and Sharpe, JJ., dissenting.

Separate petitions for mandamus by the estate of
Patrick J. Dunn, deceased, to compel Clyde I.
Webster, circuit judge of Wayne county, to vacate
orders dismissing appeals from the probate court.
Submitted June 12, 1928. (Calendar Nos. 33,425,
33,426.) Writs granted December 4, 1928.

*O'Brien & August,* for plaintiff.

*Charles E. Duffy,* for defendant.

North, J. *(dissenting).* These two cases present
the same question and have been consolidated. The
commissioners on claims in the estate of Patrick J.
Dunn, deceased, allowed a claim of George A. Dunn
in the sum of $1,688, and also a claim of Irene Mason
for $212.56. Simon E. Dunn, one of the heirs-at-
law, sought to perfect an appeal in the circuit court.
This seems to have been accomplished May 1, 1924,
with the exception that the appellant failed to in-
clude in the record of his appeal a certified copy of
the report of the commissioners on claims as re-

quired by section 14154, 3 Comp. Laws 1915. Coun-
sel for claimants entered a general appearance in
the circuit court May 21, 1924. Substantially three
years later (May 16, 1927) the claimants filed a
motion to dismiss the appeal because of the failure
to include in the record a copy of the commissioners'
findings. While the motion was pending a certified
copy of these findings was filed in the circuit court.
The motion was heard and the appeal dismissed
June 11, 1927. It is here on an application for a
writ of mandamus to compel the circuit judge to
vacate the order of dismissal. Under the holding
of *Szarama* v. *Tylman's Estate,* 237 Mich. 676, the
application must be denied unless the record sus-
tains plaintiff's claim that there has been a waiver.
See, also, *Merriman* v. *Jackson Circuit Judge,* 95
Mich. 277. The plaintiff's petition contains the
following:

"That thereafter (after the appeal to the circuit
court) on two occasions when said appeal was
reached for trial, the said attorney for George A.
Dunn did appear before the presiding judge of the
Wayne county circuit and did request and obtain
postponements of the trial of said cause on the
ground that his client was absent from the jurisdic-
tion; that at no time in his appearances requesting
adjournments, did the said attorney make any ob-
jections to or call the attention of the court to any
imperfections in the appeal nor to any irregularities
in the taking of same."

The allegations in the foregoing paragraph were
not expressly denied in the return filed herein, and
therefore they must be accepted as true. *City of
Lansing* v. *Eaton Circuit Judge,* 232 Mich. 690. But,
granting the truth of these allegations, we are of
the opinion that the facts of the case as disclosed
are not sufficient to constitute a waiver. The re-

turn of the circuit judge herein states that there is "nothing of record either in the probate court or the circuit court of this county" from which he could determine the truth of plaintiff's allegation that the claimant requested and obtained the postponement of the trial on two occasions. Evidently the continuances were secured by mere requests rather than by formal motions for a continuance. Had there been a motion for a continuance in the circuit court, it is fair to assume that some record thereof would be available. We are given no information as to when either of the two applications was made. From the record we do not know whether either was within the first ten days of the term of the circuit court next succeeding the thirty-day period within which the appeal might have been perfected; and that because of this being the fact the claimants by their conduct may have deprived the appellant of his opportunity to have the appeal reinstated under the provision of section 14154, 3 Comp. Laws 1915. The plaintiff herein relies on *Snyder* v. *Washtenaw Circuit Judge,* 80 Mich. 511. But, as was pointed out by Chief Justice HOOKER in *Merriman* v. *Jackson Circuit Judge, supra,* the reason for the holding in the *Snyder Case* that there was a waiver of the statutory provision is that "there was yet time to have moved within the ten-day provision (to have the appeal reinstated) when the alleged waiver occurred." The present case must be distinguished from the *Snyder Case* because, if we assume the reason urged is otherwise sufficient, the record does not show that there was an application for a continuance during the period within which plaintiff's appeal to the circuit court might have been reinstated.

It has been urged herein that by entering a general appearance the appellees have waived the fail-

ure of the appellant to comply with the statutory provisions. There are decisions in this State holding that literal compliance with this statute may be waived. *Snyder* v. *Washtenaw Circuit Judge, supra; Gorton* v. *Livingston Circuit Judge,* 97 Mich. 561. While it appears from this record that 42 days after the service of the notice of claim of appeal the appellees entered a general appearance, there is no showing that any action was taken by the appellees which was in any way misleading or prejudicial to the appellant. With the exception of making two informal requests for continuances at times not fixed by the record, the first step taken towards a disposition of this appeal by either the appellant or appellees was the latter's motion to dismiss.

"This (the failure to perfect the record on appeal) was a matter affecting the jurisdiction of the circuit court and could be raised at any time in the subsequent progress of the case." *Sokup* v. *Davis' Estate,* 206 Mich. 144.

In the *Sokup Case* this question was raised by motion before going to a hearing on the merits, the same as it is here raised; and Justice Stone, speaking for the court, said:

"It cannot be that this objection was waived by the defendant by taking part in the trial, especially where, as here appears, repeated motions were made to dismiss the appeal, and at the trial objection was made to the introduction of any evidence by the plaintiff. Under the statutes and the authorities, we cannot do otherwise than to hold that the appeal should have been dismissed by the court below."

No prejudice resulted to the appellant from the entry of a general appearance by the appellees and therefore this should not be held to constitute a waiver or work an estoppel. At most, the general appearance gave the appellate court jurisdiction of

the person only and not of the subject-matter of the litigation.

The practice under this statute should be distinguished from the statutory practice governing appeals from justice's courts to the circuit courts, because this statute contains the provision not found in the sections governing justice's court appeals that in case the record is not filed in the circuit court as required "within the time herein directed" the appeal ceases to be effective and the former order of the lower court stands as though no appeal had been taken; with a provision for a reinstatement of the appeal within a time limited.

In the *Merriman Case, supra,* Chief Justice Hooker clearly and forcefully pointed out the reason for adding this provision to the statute; and in the recent case of *Szarama* v. *Tylman's Estate, supra,* Justice Snow said:

"The right of the legislature to provide for time limitation of the various steps necessary to be taken to the circuit court in estate matters cannot be questioned. Expedition in the settlement of estates demands it. When it is so fixed definitely, as in the statute under consideration, the courts should not extend it."

While it seems to be somewhat common in the practice, there is no necessity for filing a general appearance in the circuit court by an appellee in this kind of a proceeding. After the notice of the claim of appeal is given, a case goes on the calendar for the next term of the court, without further application by either party. To extend the time for perfecting an appeal on the pretext that entering a general appearance after service of notice on an appellee constitutes a waiver is to inject uncertainty into the practice and to defeat the purpose sought to be accomplished by the statute.

There is no claim made in this record, nor can there be, that the party attempting to make this appeal "has been prevented from perfecting the same by circumstances not under his control." Nothing on the part of the appellees is disclosed by this record which should be held to be a waiver of the appellant's neglect or failure to comply with the mandatory provision of the statute. The appeal was properly dismissed, and the application for the writ should be denied, with costs to the appellees.

SHARPE, J., concurred with NORTH, J.

FELLOWS, J. The appellees entered a general appearance in the circuit court approximately three years before they made their motion to dismiss. In my judgment this waived the defect in the manner of bringing the case to that court. *McCombs* v. *Johnson,* 47 Mich. 592; *Hamilton* v. *Wayne Circuit Judge,* 52 Mich. 409; *Sherwood* v. *Ionia Circuit Judge,* 107 Mich. 136; *Goodin* v. *Van Haaften,* 130 Mich. 386. In the last-cited case, the judgment in justice's court was rendered August 5th; the affidavit and bond on appeal were not filed until August 23d. Obviously the statutory provision that they shall be filed within five days is mandatory. But there had been a general appearance by the appellee and the case had been noticed for trial. In disposing of the case, Mr. Justice GRANT, speaking for the court, said:

"The general appearance and notice of trial operated as a waiver of the failure to file the bond and affidavit within the time required by the statute, and gave the circuit court jurisdiction of the case."

In 4 C. J. p. 1353, it is said:

"A general appearance on the part of defendant, however made, or any act or acts which may be con-

strued as an appearance, waives any objection based on the want of issuance of process or of service thereof, or any objection based on the want of a return of process. So a general appearance to the original action after the filing of a cross complaint carries with it an appearance to the cross complaint.

"Notices. The same principle obtains in regard to notices required to be given. All those forms of notice which resemble process or summons are dispensed with by a general appearance."

In *Sokup* v. *Davis' Estate,* 206 Mich. 144, cited by my Brother, there had been two motions to dismiss the appeal, both of which had been denied by the trial judge; application to this court for certiorari to review such orders had been denied. There was nothing further could be done except to try the case after again raising and saving the question. Under these circumstances, there was no waiver, and in the absence of waiver the question was open at any time. But Mr. Justice STONE expressly points out that: "There is no claim that the defendant waived notice of the service." Here, without in any way questioning the regularity of the appeal, there was a general appearance. Recognizing that the appeal was properly taken and that the case was pending in the circuit court, application was then made on two occasions for postponement of the trial. About three years after the appeal was taken and the appearance entered, the jurisdiction of the circuit court was for the first time questioned and the regularity of the appeal assailed. I think the general appearance under the authorities I have cited waived the right to then raise these questions.

In my judgment, the writ should issue.

FEAD, C. J., and WIEST, CLARK, McDONALD, and POTTER, JJ., concurred with FELLOWS, J.