HAMILTON J. SNYDER v. THE WASHTENAW CIRCUIT JUDGE.

*Estates of deceased persons—Commissioners on claims—Appeal— Filing record in circuit court.*

An appeal properly claimed, perfected, and allowed in the probate court ought not to be dismissed for a failure to file the record in the circuit court within the thirty days limited by Act No. 175, Laws of 1887, if such record is filed before the motion to dismiss is actually heard.

*Mandamus.* Submitted April 22, 1890. Denied May 9, 1890.

Relator applied for *mandamus* to dismiss an appeal from the allowance of a claim by commissioners on claims in probate court. The facts are stated in the opinion.

*B. M. Thompson,* for relator.

*A. J. Sawyer,* for respondent.

CAHILL, J. The relator asks for a *mandamus* to require respondent to dismiss an appeal claimed to have been taken by Hattie J. and Augusta E. Campbell, as heirs at law of Sardinnaiette Snyder, deceased, from an allowance, by the commissioners appointed in said estate, of relator's claim at $773.70.

Hattie J. and Augusta E. Campbell lived in Detroit. They employed counsel in Washtenaw county, where the estate was being administered, to make and perfect their appeal. On December 30, 1889, under direction of counsel, they made and filed in the probate court of Washtenaw county the following papers:

1. Their claim of an appeal.
2. Their bond, with sufficient sureties, which was approved.

Un the same day an order was made by the probate court allowing the appeal, and requiring notice thereof to be given to Hamilton J. Snyder, the relator, within 10 days. On January 2, 1890, due personal service was made on relator as required by this order. January 6, appellants filed in the circuit court duly-certified copies—

1. Of their claim of appeal.
2. Of the order allowing the same.
3. Of the order fixing the mode of service, and of proof that such service had been made.

The following papers were not filed at that time, nor within 30 days after the allowance of the appeal:

1. A certified copy of the record and allowance appealed from.
2. A certified copy of the bond given on appeal.

On February 11 the attorney for appellants, having learned of the omission to file the papers last mentioned, procured and filed the same on that day. The appellants did not personally know of the fact that the complete record had not been filed until March 22.

The next term of the circuit court of Washtenaw county, after the expiration of the 30 days from the time of making said appeal, commenced on March 3, 1890; and appellants had caused said cause to be printed upon the issue docket of that term for trial. It is the practice of the court, on the first day of the term, at the opening of the court, to make a formal call of the issue docket, a copy of which is printed and placed in the hands of each attorney having business before the court at that term.

When the cause was reached upon the formal call of the docket on the first day of the term, the attorney for the relator stated to the court that the cause was not properly upon the docket for trial. The attorney for the appellants was not present in court; but some other attorney then present remarked to the court, and to the attorney for the relator, that no notice of trial was necessary for the first term of court after an appeal of this sort was taken. The attorney for the relator made no motion to strike the cause from the docket, or to dismiss the appeal; nor did he state to the court that there was any error committed in perfecting the appeal. The judge marked the cause for trial on the court's docket; the attorney for the relator stating that he waived no rights.

The cause was not reached for trial until after March 15, and not until after the expiration of the first 10 days of the term; during which time no motion was made to dismiss the appeal, nor was the attention of the court in any way called to any defect or error in the appeal, or in the perfecting thereof.

On March 15 the relator entered a motion to dismiss such appeal, serving a copy thereof, and of the accompanying affidavits, upon the attorney for the appellants. On March 24 the appellants filed in the circuit court a petition reciting the various steps that had been taken by them for perfecting their appeal, the action taken by the attorney for the appellee, and praying that, if any order was necessary in the premises, one might be made permitting them to complete and perfect the appeal, or an order be made holding and decreeing said appeal to have been made and perfected in due time, and for such other order as they might be entitled to in the premises. The motion to dismiss the appeal, and the petition to confirm or reinstate the same, came on to be heard together on March 28; and on April 5 an order was made denying the motion to dismiss the appeal, and directing that the appeal be allowed, and held as if made in time. After the entry of this order a motion was made by relator to vacate and set it aside. This motion, having been brought on to be heard in the circuit court, was denied. This application is now made to require the respondent to grant such motion. A decision of the case involves a construction of the statutes allowing appeals to the circuit court from commissioners on claims.

How. Stat. § 5911, relating to such appeals, was amended by Act No. 175, Laws of 1887, so as to read as follows:

"The party appealing shall procure and file in the

circuit court to which the appeal is taken, within thirty days after the appeal is allowed, a certified copy of the record of the allowance or disallowance appealed from, of the application for and the bond on appeal filed in the probate court, and of the order allowing such appeal, together with evidence that notice has been given to the adverse party according to the order of the probate court. And, in case the record herein required to be filed in the circuit court shall not be filed [in] such court within the time herein directed, such appeal shall cease to be of effect, and the allowance or disallowance so appealed from shall stand as though such appeal had not been taken, and the certificate of the clerk of such circuit court of the filing or non-filing of such record in the circuit court may be filed in the probate court from which such appeal was taken, and when so filed shall be treated as evidence: *Provided*, That the circuit court to which the appeal is taken shall have power upon application, within the first ten days of the term of court next succeeding the expiration of the said thirty days for filing said certified copy, to reinstate said appeal, when the party making the appeal has been prevented from perfecting the same by circumstances not under his control."

It is claimed that the appeal in this case was not regularly made and perfected within the 30 days provided by this statute, for the reason that the complete record required to be filed in the circuit court was not filed within that time; that by such failure the attempted appeal was a nullity; and that the circuit court never acquired jurisdiction of the proceeding. We think counsel for relator loses sight of sections 5907, 5908, and 5910, which are not affected by the amendment of 1887. Section 5907 provides that certain persons may appeal—

" If application for such appeal be made in writing, filed in the probate office, within sixty days after the returning of the report of the commissioners."

Section 5908 provides that a bond shall be made and filed in the probate court within the same time, and before the appeal shall be allowed. Section 5910 provides that the person appealing shall give notice of such

appeal, and of the hearing thereof, in the circuit court, in such manner as the probate court shall direct, etc. These provisions all seem to contemplate that the appeal has been made and allowed by the action in the probate court. Section 5911, as amended in 1887, is in accord with this view. It requires the record to be filed in the circuit court "within thirty days *after the appeal is allowed.*" If such papers are not filed, "such appeal shall *cease to be of effect,*" indicating that the appeal is considered as having been made perhaps 30 days before. The proviso giving the court power to reinstate an appeal when the party has been prevented from perfecting the same by circumstances not under his control shows jurisdiction in the circuit court although the record may not have been filed.

The proceedings under section 5911, as amended, are not unlike those provided for by How. Stat. § 6740, for the return to this Court of the record in a chancery appeal. By that section it is provided that, if an appellant shall neglect to pay to the register the fee for making return for 30 days after such appeal has been perfected, he shall be deemed to have waived his appeal, and the appellee may at once proceed to enforce his decree, the same as if no appeal had been taken. In construing this provision, it was held that an appeal would not be dismissed for imperfections in the record returned. *Verplank v. Hall,* 21 Mich. 469. This Court has refused to dismiss a chancery appeal for the failure to cause a copy of the record to be transmitted to this Court within the time provided by the statute, if such copy is actually filed before the motion to dismiss is made. *Garratt v. Litchfield,* 10 Mich. 451; *Beebe v. Young,* 13 Id. 221; *Babcock v. Twist,* 16 Id. 282.

We are disposed to give statutes allowing appeals a liberal construction, where that can be done without

extending the letter of the statute, which we do not claim the right to do. With this purpose we shall hold that an appeal properly claimed, perfected, and allowed in the probate court ought not to be dismissed for a failure to file the record in the circuit court within the 30 days, provided the same should be filed before the motion to dismiss is actually heard.

I am willing to base the decision of this motion on this ground. It is not clear that the action of the circuit judge might not be justified also under How. Stat. §§ 5948, 6784. Some of my brethren think, in this case, relator waived his right to move to dismiss the appeal, because, on the calling of the docket on the first day of the term, he did not state clearly his objections to having the case heard; his statement that the case was not properly on the docket for trial being calculated, it is said to lead the appellants and the court to suppose that his objections related only to a want of notice of trial. It is urged with much force that, if he had stated at that time that the appeal had not been taken and perfected by the filing of the record, further time might have been applied for, and perhaps allowed, within the ten days. There is force in this, as applied to this particular case. Slight evidence of waiver has been held sufficient when no substantial rights are to be lost by it. *Lyon v. Insurance Co.*, 55 Mich. 142, and cases cited.

The other Justices concurred.