HOWARD L. MERRIMAN v. ERASTUS PECK, CIRCUIT JUDGE OF JACKSON COUNTY.

*Probate courts—Limitation of time for filing record on appeal—Dismissal.*

Act No. 174, Laws of 1887 (3 How. Stat. § 6782), which requires a person appealing from an order of the probate court to file in the circuit court a certified copy of the record or proceedings appealed from, and of the supplemental papers relating to the appeal, within 30 days after the appeal is taken, is mandatory, and on his failure to comply with its provisions, the appeal ceases to be of effect, unless reinstated under the proviso of said act.

*Mandamus.* Argued February 14, 1893. Granted April 7, 1893.

Relator applied for *mandamus* to compel respondent to dismiss an appeal from the probate court. The facts are stated in the opinion.

*Barkworth & Blair,* for relator.

*Thomas A. Wilson,* for respondent.

HOOKER, C. J.    The will of Mary W. Merriman having been admitted to probate, an appeal was taken upon No-

vember 25, 1892, to the circuit court for the county of Jackson. On the 25th day of January, 1893, none of the papers required by Act No. 174, Laws of 1887, had been filed in the circuit court, and proponent (the relator) obtained from the clerk a certificate to that effect, and filed the same with the probate judge, and served notice upon contestant's counsel of a motion to dismiss said appeal. A few hours later the required papers were filed, and upon the hearing of said motion it was denied. Relator asks relief by *mandamus* to compel such dismissal.

Previous to the amendment of section 6782, How. Stat., by Act No. 174, Laws of 1887, the law pertaining to appeals from probate court was substantially as follows: Any person aggrieved by an order or decree of a probate judge might appeal to the circuit court, by filing a notice thereof with the judge of probate, together with the statutory bond, within 60 days from the date of the act appealed from. How. Stat. §§ 6779, 6780. This was to be followed by a notice to the adverse party, with the reasons for appeal, to be given under the direction of the probate court, at least 14 days before the appeal should be entered in the circuit court. How. Stat. § 6781. The next section (6782) made it the duty of the appellant to procure and file in the circuit court certified copies of certain papers, and evidence of filing the bond and notice to the adverse party.

Under these provisions, the only essential requisite to an appeal seems to have been the filing of the notice and bond required by sections 6779 and 6780. The notice to be served upon the adverse party was not indispensable, and the appeal was not necessarily subject to dismissal for want of it. *Simpson v. Railroad Co.*, 38 Mich. 626. No time was fixed by the statute (section 6782) within which the record was required to be filed by the appellant. Sec-

tion 6790, however, authorized the circuit court to affirm the decree of the probate court if the appeal was not prosecuted with reasonable diligence.

To relieve against the hardship of the requirement of section 6779, requiring notice of appeal and bond to be filed within 60 days, it was provided by section 6784 that an aggrieved party who, without default on his part, should, from any cause, have omitted to claim or prosecute his appeal according to law, might be allowed to take an appeal, if it should be made to appear that justice required a revision of the case, on petition to be filed within a period named. As the law then stood, appeals were required to be taken within 60 days, and laches did not divest the court of jurisdiction, though it might be the basis of an appeal to the discretion of the court. On the other hand the court might relieve a person from the consequences of a failure to appeal seasonably. This power remains, except as it may be limited by Act No. 174, above mentioned.

This act amended section 6782 by requiring the appellant to file his record within 30 days after taking an appeal, and, in case of a failure to do so within such time, it declared that—

"Such appeal shall cease to be of effect, and the order or decree so appealed from shall stand as though such appeal had not been taken."

The certificate of the clerk of the circuit court, when filed in the probate court, was made evidence of the fact.

It is suggested that this is not a mandatory statute, and that, if it were, the circuit court would still have power to allow an appeal, under section 6784, upon a proper showing. Whether an appeal can be said to be lost without his own default by one who fails to file his record, and whether the power to permit an appeal under section 6784 remains, in view of the fact that section 6782, as

amended, provides its own period within which relief from its provisions may be afforded, are pertinent questions upon the last point, which we do not find it necessary to decide upon this motion.[1]

It is urged that section 6740 of Howell's Statutes, providing for chancery appeals, is similar to the statute in question, and that such statute (*i. e.*, section 6740) has been construed as directory, and motions to dismiss denied in several cases cited. *Garratt v. Litchfield*, 10 Mich. 451; *Beebe v. Young*, 13 Id. 221; *Babcock v. Twist*, 16 Id. 282; *Verplank v. Hall*, 21 Id. 469. An investigation will show that section 6740, which is supposed to contain analogous provisions to Act No. 174, Laws of 1887, in question here, was not construed by the Court in any of the cases cited. The provision mentioned is the following, viz.:

"And if an appellant shall neglect to pay to such register the fee above provided for making such returns for thirty days after such appeal has been perfected, he shall be deemed to have waived his appeal, and the appellee may at once proceed to enforce his decree, the same as if no appeal had been taken."

This provision was first made a part of the law in 1871. See Act No. 62, Laws of 1871. All of the cases mentioned were decided before the passage of that act, and under provisions found in Comp. Laws of 1857, § 3599, and Act No. 4, Laws of 1858, p. 5. The law of 1871 placed this limitation on the right to appeal, and its provisions are plain. No case has been found which denies the power of the Legislature to place such a limitation or condition upon the right to appeal chancery cases, nor has one been found construing it, in this State. The first case cited ( *Garratt v. Litchfield* ) simply says that—

" We have never dismissed an appeal in chancery for the

---

[1] This question was raised upon the hearing of a second application for *mandamus* in this case, June 27, 1893, the respondent having assumed to allow the appeal.

failure to cause the return to be filed within the time specified, when the return was actually made and filed before the motion to dismiss was called up."

*Babcock v. Twist,* 16 Mich. 282, was "on all fours" with this case.

*Beebe v. Young,* 13 Mich. 221, was a motion to dismiss because the return was made by the clerk to the wrong office. The Court held that the statute (Laws of 1858, p. 5) was directory.

*Verplank v. Hall,* 21 Mich. 469, was a motion to dismiss on the ground that a deposition was not returned with the rest of the record. The motion was denied; and this case, the latest of the four, was decided in this Court in October, 1870, nearly a year before the law of 1871 went into effect.

Our attention is called to the case of *Snyder v. Circuit Judge,* 80 Mich. 516, where a similar case is decided. It differs from this only in that the record was perfected before any move was made by the appellee, and that there were some circumstances which the Court looked upon as a waiver of the jurisdictional question, *especially as there was yet time to have moved within the 10-day provision when the alleged waiver occurred.* In this last particular there is a plain distinction between that case and this, and the Court seems to have based its decision upon that ground. In this case nothing in the nature of a waiver of the jurisdictional question appears.

If the amendment made by the act of 1887 is to be considered more than idle words, we must give it the effect contended for by the relator. The Legislature alone has power to determine the expediency of such provisions as these. It took the trouble to cover all appeals from probate court by passing two acts, nearly identical in terms, which will be found upon consecutive pages of the Laws of 1887. The conclusion is irresistible that some object

remediable in its character was intended, and the well-known delay of judicial proceedings, and the equally well-known necessity for expedition in the settlement of estates, which has been frequently mentioned by this Court, are plausible reasons for such legislation. Some period must be fixed within which the right to appeal must be ended. It is for the Legislature to do this, and the time should not be extended by construction when the legislative intent is clear.

We think that the relator is entitled to the relief sought. The writ of *mandamus* will issue accordingly.

The other Justices concurred.