WALTER GORTON v. ROLLIN H. PERSON, CIRCUIT JUDGE OF LIVINGSTON COUNTY.

*Probate courts—Appeal—Failure to file record—Dismissal— Waiver.*

1. It was not intended to hold in *Merriman v. Circuit Judge*, 95 Mich. 277, that the failure to perfect an appeal from probate court within the 30 days limited by Act No. 174, Laws of 1887 (3 How. Stat. § 6782), might not be waived, nor to overrule *Snyder v. Circuit Judge*, 80 Mich. 511, but, on the contrary, the distinction between the cases was pointed out.

2. Where, after an appeal is properly claimed, perfected, and allowed in the probate court, the case is noticed for trial for the following term of the circuit court, but is not reached, and the appellees, after noticing it for trial for the second term, move to dismiss the appeal on the ground of the failure of the appellant to file the record in the circuit court within the 30 days limited by Act No. 174, Laws of 1887, and the record is filed before the motion comes on for hearing, the case is ruled by *Snyder v. Circuit Judge*, 80 Mich. 511, and *mandamus* will lie to vacate an order dismissing the appeal.

97 MICH.—36.

*Mandamus.* Argued October 24, 1893. Granted November 24, 1893.

Relator applied for *mandamus* to compel respondent to vacate an order dismissing an appeal from probate court. The facts are stated in the opinion.

*L. S. Montague* and *D. Shields,* for relator.

*William P. Van Winkle,* for respondent.

GRANT, J.    The writ of *mandamus* is asked to compel the respondent to vacate an order dismissing the appeal of the relator from a decree of the probate court, made November 26, 1892, disallowing the last will and testament of Alonzo Gorton, deceased.    All the proceedings to take such appeal were regular, and made in due time, and notice thereof was duly served upon the contestants, and proof of such service filed in the probate court December 3.    The probate judge was paid for making the return, and one of relator's attorneys makes affidavit that the probate judge promised to return the papers to the circuit court; but it appears from the answer of the respondent that, upon the hearing of the motion to dismiss, an affidavit from the probate judge was presented, denying this.    The case was noticed for trial at the two following terms, but was either not reached or was continued by consent.    March 31, 1893, the attorney for contestants noticed the case for trial for the following term.    After this, the motion to dismiss the appeal was made.    Before the motion came on for hearing, the appeal papers were filed in the circuit court.

This case clearly comes under the rule of *Snyder v. Circuit Judge,* 80 Mich. 511.    While Act No. 174, Laws of 1887, was held mandatory in *Merriman v. Circuit Judge,* 95 Mich. 277, it was not intended to overrule *Snyder v.*

*Circuit Judge,* nor to hold that the failure to perfect the appeal within the time might not be waived. On the contrary, the distinction between the two cases was pointed out.

Writ granted.

The other Justices concurred.