|148  163|
|154  ³490|

PRUDEN *v.* CLARK.

1. MOTIONS — NOTICE — APPEAL — DISMISSAL — ORDER ALLOWING CLAIM AGAINST ESTATE.

A motion to dismiss an appeal from the allowance by commissioners of a claim against the estate of a deceased person is a special motion within Circuit Court Rule 19, and requires four days' notice under the rule.

2. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIMS—APPEAL—RECORD.

On appeal from the allowance of a claim against an estate, a certified copy of the report of the commissioners on claims must be filed, that being the record of the allowance appealed from.

3. SAME—ORDER ALLOWING APPEAL—NECESSITY.

No order allowing an appeal from the allowance of a claim against an estate is necessary, the appeal being matter of right on compliance with the statute.

Error to Kalkaska; Chittenden, J.   Submitted January 10, 1907.   (Docket No. 122.)   Decided April 30, 1907.

Russell B. Pruden presented a claim against the estate of Polly Collar, deceased.   The claim was allowed by the commissioners, and Irving M. Clark, administrator, appealed to the circuit court.   There was an order dismissing the appeal, and contestant brings error.   Reversed.

*Chauncey C. Jenks,* for appellant.

*Ernest C. Smith,* for appellee.

MCALVAY, C. J.   This is an appeal from a judgment of the circuit court for Kalkaska county dismissing an appeal from an allowance of the claim of plaintiff by the commissioners on claims against the estate of Polly Collar, deceased, of which estate Irving M. Clark is administrator. When the informal call of the docket was made in the

circuit court, both parties appeared by their attorneys and announced themselves ready for trial, and both stated that no jury was desired. When the case was reached in its order, the attorney for plaintiff orally made a motion to dismiss the appeal for the reasons: (1) That no certified copy of the order of the probate court allowing the appeal had been filed in the court. (2) That no certified copy of the order of the allowance of the claim by the commissioners had been filed in the court, as required by section 9390, 3 Comp. Laws. No notice of this motion had been given; nor does the record show that any previous intimation was given that it would be made. The motion was argued on both sides and granted by the court, and the appeal was dismissed. Defendant excepted to the ruling of the court. The usual stay of proceedings was granted to allow a review in this court of the action of the trial court. An application for a writ of mandamus to set aside the order of the court was made to this court and denied, upon the ground that the proper remedy was by writ of error. The case is now before us upon such writ.

Appellant urges that, under the rules and practice of the circuit court (Circuit Court Rule 19), he was entitled to notice of the motion to dismiss the appeal, and that the court erred in hearing and granting such oral motion. Three of his assignments of error are based upon this contention. This was a special motion to dismiss the appeal, and appellant was entitled to the notice provided by Circuit Court Rule 19 before it could be brought on to be heard. He twice called the attention of the court to the fact that no notice had been given, and asked the court to be allowed to have the report of the commissioners on claims to be at once certified, if the court held it to be necessary. The record does not show that he waived the right to the usual notice under the rule. While, upon the argument, brought up suddenly without notice, his attorney appears to have been mistaken as to the necessity of having this report certified to the court, and may have had such view of the statute in mind when the appeal was taken, the

record indicates that before the argument closed he appreciated his error. The reason of the rule is to prevent surprise and to allow reasonable time to prepare for a hearing. Plaintiff had noticed the case for trial, and on the call of the docket had announced himself ready for trial, and when the case was called made this motion to dismiss, which the rule requires should be heard only after four days' notice. The court was in error in hearing the motion without notice.

We hold that it was necessary to file the certified copy of the report of the commissioners on claims; that being the record of the allowance appealed from. In *Snyder* v. *Washtenaw Circuit Judge*, 80 Mich. 511, this court said:

" We are disposed to give statutes allowing appeals liberal construction. * * * With this purpose we shall hold that an appeal properly claimed, perfected, and allowed in the probate court ought not to be dismissed for a failure to file the record in the circuit court within the 30 days, provided the same should be filed before the motion to dismiss is actually heard."

In the case at bar no motion has yet been properly before the court for hearing.

Plaintiff contends that no order was ever made by the probate court allowing the appeal. The order made by the probate court conformed with the requirements of the statute. It does not state that the appeal is allowed, but is certified by the probate judge as the order of the probate court allowing the appeal.

" It has come to be known as the order allowing the appeal, and in practice the order usually in terms allows the appeal, although, technically speaking, it cannot be disallowed if the statutory requirements are complied with." 2 Stevens on Michigan Practice, § 376.

The allowance of an appeal does not depend on the probate judge, but is a right fixed by statute. There is no occasion to obtain an order allowing an appeal. *Fox* v. *Wayne Probate Judge*, 48 Mich. 643.

The order in this case was sufficient, and a certified copy thereof had been filed.

The judgment dismissing the appeal is reversed, with costs, and the cause is remanded to the circuit court for further proceedings.

CARPENTER, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.