CLIFTON *v.* JACKSON PROBATE JUDGE.

EXECUTORS AND ADMINISTRATORS — PROBATE COURT — APPEAL — RIGHT—ALLOWANCE.

Under section 669, 1 Comp. Laws, an appeal from the probate court is a matter of right on compliance with the statute, and the probate judge is not authorized to enter into an inquiry whether the party claiming the appeal is in fact a "person aggrieved" and deny the application if he is not found to be aggrieved.

Certiorari to Jackson; Parkinson, J. Submitted September 8, 1908. (Calendar No. 23,004.) Decided November 2, 1908.

Mandamus by Elizabeth Clifton to compel Robert A. Smith, probate judge of Jackson county, to grant an appeal to the circuit court. There was an order granting the writ, and respondent brings certiorari. Affirmed.

*R. S. Woodliff*, for relator.

*Richard Price*, for respondent.

MOORE, J. The following is a sufficient statement to show the questions involved: John Parr died, leaving a

will in which he made two specific bequests and gave the residue of his estate to his wife. The will was duly admitted to probate, and no appeal was taken. An administrator was appointed. After a time he was ready to settle the estate, and filed his account, and asked for an order for the distribution of the estate. Before the hearing the appearance of the relator by her attorney was entered. After several adjournments, an order allowing the account of the administrator and ordering distribution of the estate was made. Within the time allowed for an appeal the relator sought to take an appeal. It was her claim that John Parr was born an illegitimate child, that he left no children, and that his wife died before he did, so that as to the residuary part of his estate. he died intestate, and that his heir at law was Mary Ann Willis, a resident of England. The relator claimed to be the assignee of Mary Ann Willis as to all her interest in said estate, and that she was aggrieved by the order of the probate court, and desired to take an appeal therefrom at the same time relator tendered a bond. The judge of probate was of the opinion that it had not been made to appear that relator was aggrieved by the order of the court, and denied her application for an appeal, and refused to file her application and the bond, but made a memorandum thereon showing the time when they were presented. Upon making an application to the circuit judge for a mandamus to the probate court requiring it to file the papers presented by the relator and to grant an appeal, an order was issued to show cause. A hearing was had, and the circuit judge granted the writ of mandamus. The case is removed here by certiorari.

It is the claim of counsel for the respondent that it is only a party who is aggrieved by the order of the judge of probate who has a right to an appeal; "that the judge of probate is not called upon to act in this matter, except at the instance of a party aggrieved, and when the interest of the party is questioned, as it was in this instance, a prima facie showing, at least, should be made." In other words,

it is the claim of counsel that, though a person claiming an appeal presents an application in the words of the statute, the probate judge may then and there enter upon an inquiry as to whether the applicant is in fact aggrieved by the order, and, if not satisfied that he is aggrieved, may refuse to allow him to appeal. Counsel cite, in support of this contention, several cases to be found in his brief. An examination of them will show they are not controlling in the case before us. Section 669, 1 Comp. Laws, reads in part as follows:

"Any person aggrieved by any order, sentence, decree or denial of a judge of probate, may appeal therefrom to the circuit court for the same county."

See *Fox* v. *Wayne Probate Judge*, 48 Mich. 643; *Pruden* v. *Clark*, 148 Mich. 165. We think the application made to the probate judge brought the relator within the provisions of the statute.

The order of the circuit court is affirmed, with costs.

GRANT, C. J., and BLAIR, MONTGOMERY, and Mc-ALVAY, JJ., concurred.