SZARAMA v. TYLMAN'S ESTATE.

1. COURTS—APPEAL FROM PROBATE COURT—RECORD TO BE FILED IN CIRCUIT COURT—CONTENTS.

The certified copy of the record or proceedings in the probate court, appealed from, required by 3 Comp. Laws 1915, § 14154, to be filed in the circuit court within 30 days after taking the appeal, should contain a copy of the report of the commissioners on claims.

2. SAME—PROVISIONS OF STATUTE MANDATORY—WAIVER.

The provision of 3 Comp. Laws 1915, § 14154, requiring a certified copy of the record or proceedings in the probate court, appealed from, to be filed in the circuit court within 30 days after taking the appeal, is mandatory, and failure to comply therewith is fatal to the appeal unless waiver thereof is shown.

Error to Wayne; Carr (Leland W.), J., presiding. Submitted January 4, 1927. (Docket No. 10.) Decided April 1, 1927.

Agnes Szarama presented a claim against the estate of Joanna Tylman, deceased, for services rendered. The claim was allowed by the commissioners, and Joseph Swieczkowski, executor, appealed to the circuit court. Judgment for defendant *non obstante veredicto*. Plaintiff brings error. Reversed, and the appeal from probate court dismissed.

*Stan. C. Pietraszewski*, for appellant.

*Monaghan, Crowley, Reilley & Kellogg*, for appellee.

SNOW, J. In the probate court, commissioners on claims in the estate of Joanna Tylman allowed plaintiff, Agnes Szarama, $832. The estate attempted an

---

[1]Courts, 15 C. J. § 443; [2]Id., 15 C. J. § 443.

appeal from this allowance, and in the circuit court, after jury verdict of $500 for plaintiff, a judgment *non obstante veredicto* in favor of the estate was entered, thereby disallowing her claim *in toto*. Plaintiff reviews and assigns error upon the refusal of the trial court to dismiss the estate's appeal from the probate court to the circuit court.

The following is not in dispute: The report of the commissioners on claims was filed December 7, 1923; the time to appeal was extended by order of the probate judge on January 29, 1924, to February 5, 1924; on the last-named date a notice of application for appeal, signed by the executor, Swieczkowski, was filed in the probate court, a bond given and approved, and an order entered directing personal service on the plaintiff; on February 19, 1924, she was personally served; on March 13, 1924, an exemplification of record from probate court was filed with the county clerk, but it did not contain a copy of the report of the commissioners on claims, nor was such copy filed in the circuit court until January 19, 1925.

It will be noted that "a certified copy of the record or proceedings appealed from," etc. (3 Comp. Laws 1915, § 14154), was not filed in the circuit court within 30 days after taking the appeal. (Appeal taken February 5, 1924, copy of record filed March 13, 1924.) Neither, when it was filed, did it contain a copy of the report of the commissioners on claims, as it should.

The statute above cited provides that "in case the record herein required to be filed in the circuit court shall not be filed in such court within the time herein directed, such appeal shall cease to be of effect." Appellant now contends, as she has at all times, that the requirement of filing within 30 days after taking the appeal is mandatory, and that failure to comply with it is fatal to the appeal, and it should therefore have been dismissed. She first made a motion in the circuit

court to dismiss the appeal from the probate court on December 16, 1924.    It was denied January 24, 1925.    A motion to vacate the order of denial was made January 30, 1925, and denied on April 22, 1925. The case came on for trial on September 15, 1925, whereupon the following occurred in open court:

"*Mr. Pietraszewski:* May it please the court, we have a legal question that must be raised at this time and cannot be raised at any other time, and I ask you excuse the jury until 2 o'clock.

"*The Court:* Jurors may be excused until 2 o'clock this afternoon.    (Jurors excused.)

"*Mr. Pietraszewski:* May it please the court, I would like first to give the evidence of the probate court proceedings in order that your honor may understand this motion.    Report of commissioners on claims—

"*Mr. Reilley:* Just a moment.    I understand this motion is to dismiss the appeal.

"*Mr. Pietraszewski:* Yes.

"*Mr. Reilley:* And the record and files of this case show that this question was presented to Judge Webster who refused to dismiss the appeal.    Thereafter that motion was renewed and he again refused to dismiss the appeal, and order entered to that effect.

"*The Court:* Second order was made, order to vacate the order made on the first?

"*Mr. Reilley:* Yes, and on that fact it has already been decided by Judge Webster, that his motion has been decided against him I have an idea that the Supreme Court has held your honor wouldn't have authority to pass on it.    Justice SHARPE the other day handed down an opinion in reference to defects in judgment and matters passed on by one judge and then passed on by another, in the same circuit, and held the second judge had no authority or jurisdiction.

"*Mr. Pietraszewski:* I am not making this motion to dismiss over again Mr. Reilley.    I am at a puzzle myself, but at this stage of the case must do something.    In other words, your honor please, what Mr. Reilley says is true, motion to dismiss was denied and order to vacate that motion was denied also.

"(Arguments followed.)

"*The Court:* Well, gentlemen, I have been looking

into this for my own satisfaction as well as anything else.   I am advised to treat the question as foreclosed by the action of Judge Webster.   For the purposes of the record the motion made is denied.

"*Mr. Pietraszewski:* I suppose I have got to object to going ahead with the trial.

"*Mr. Reilley:* I think the Supreme Court has said when you get all through have a right to raise the question.

"*The Court:* For the purpose of this motion take it your right is protected, so you will be entitled to raise it in the Supreme Court."

In view of the above, it cannot be said that plaintiff has done anything which could be construed as in the nature of a waiver, or a consent to the jurisdiction of the circuit court to hear the appeal.   We do not understand that defendant so contends.   Therefore, if the provision in the appeal statute, that a certified copy of the record or proceedings appealed from shall be filed in the circuit court within 30 days after the appeal is taken, is mandatory, plaintiff's motion to dismiss the appeal should have been granted.

For authority that the appeal should not be dismissed because of failure to so file within the required period of time, counsel for the estate seem to rely on *Snyder* v. *Washtenaw Circuit Judge*, 80 Mich. 511, wherein it is held, quoting syllabus:

"An appeal properly claimed, perfected, and allowed in the probate court ought not to be dismissed for a failure to file the record in the circuit court within the 30 days limited by Act No. 175, Pub. Acts 1887, if such record is filed before the motion to dismiss is actually heard."

Which statute, counsel argue, is, for all present purposes, the same as the judicature act.

But *Merriman* v. *Jackson Circuit Judge*, 95 Mich. 277, holding the 30 days' provision in Act No. 174, Pub. Acts 1887, mandatory, and that on failure to

comply with it the appeal ceases to be of effect, refers to the *Snyder Case, supra,* as follows:

"Our attention is called to the case of *Snyder* v. *Washtenaw Circuit Judge,* where a similar case is decided. It differs from this only in that the record was perfected before any move was made by the appellee, and that there were some circumstances which the court looked upon as a waiver of the jurisdictional question, especially as there was yet time to have moved within the 10-day provision when the alleged waiver occurred. In this last particular there is a plain distinction between that case and this, and the court seems to have based its decision upon that ground. In this case nothing in the nature of a waiver of the jurisdictional question appears."

Both the *Snyder* and the *Merriman Cases* were again referred to in *Gorton* v. *Livingston Circuit Judge,* 97 Mich. 561, wherein it is said:

"This case clearly comes under the rule of *Snyder* v. *Washtenaw Circuit Judge,* 80 Mich. 511. While Act No. 174, Laws of 1887, was held mandatory in *Merriman* v. *Jackson Circuit Judge,* 95 Mich. 277, it was not intended to overrule *Snyder* v. *Washtenaw Circuit Judge,* nor to hold that the failure to perfect the appeal within the time might not be waived. On the contrary, the distinction between the two cases was pointed out."

And, as hereinbefore stated, in the case at bar, there is no question or claim of any waiver on the part of plaintiff, or any consent by her to the jurisdiction of the circuit court. The *Merriman Case* is therefore in point. See, also, *Bennett* v. *Hickey,* 110 Mich. 628.

In the recent case of *Sokup* v. *Davis' Estate,* 206 Mich. 144, failure to furnish the bond as required by section 14147, and failure to make service on the adverse party within 15 days as required by section 14153, of the judicature act, was held fatal to the obtaining of jurisdiction by the circuit court. For the same reasons we hold as fatal to such jurisdiction

the failure on the part of appellant to comply with section 14154 of the act, unless there is a reinstatement of the appeal as provided in said section.     No attempt at reinstatement was made in the instant case.

The right of the legislature to provide for time limitation in the various steps necessary to be taken to the circuit court in estate matters cannot be questioned.     Expedition in the settlement of estates demands it.     When it is so fixed, definitely as in the statute under consideration, the courts should not extend it.     We hold the provision mandatory, and failure to comply with it was warrant for dismissal of the attempted appeal.     Plaintiff's motion to dismiss should have been granted.

Judgment for defendant reversed, the appeal from probate court dismissed, and all proceedings in the circuit held void and of no effect.

Plaintiff will recover costs.

SHARPE, C. J., and STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.     BIRD, J., did not sit.