*In re* NORTON'S ESTATE.

NORTON *v.* WAYNE CIRCUIT JUDGE.

1. EXECUTORS AND ADMINISTRATORS—APPEAL FROM PROBATE COURT.
   Appeal to circuit court from disallowance of claims in probate court was properly dismissed, where not perfected within statutory period (3 Comp. Laws 1915, § 14154).

2. SAME—DISMISSAL OF APPEAL—ABUSE OF DISCRETION—DELAYED APPEAL.

> Where affidavit in support of motion for delayed appeal from disallowance of claims in probate court stated only legal conclusion, detailing no facts or circumstances from which court could determine truth or falsity of such conclusion, it cannot be said that court abused its discretion in denying said motion (3 Comp. Laws 1915, § 14154).

Mandamus by Elvie E. Norton and Lulu N. Greve to compel Ira W. Jayne, Wayne circuit judge, to set aside orders dismissing appeals from disallowance of claims against estate of Earl A. Norton, deceased, in probate court, and to reinstate said appeals. Submitted April 15, 1930. (Calendar Nos. 34,907 and 34,908.) Writ denied June 2, 1930.

*Harry G. Jackson* (*Samuel W. Shier,* of counsel), for plaintiffs.

*Lightner, Oxtoby, Hanley & Crawford* (*A. George Abbott,* of counsel), for defendant.

POTTER, J. Plaintiffs presented claims against the estate of Earl A. Norton, deceased; that of Elvie E. Norton being for $31,653.97 and that of Lulu Nelson Greve for $11,678.51; $30,328.97 of the claim of Elvie E. Norton was disallowed, and the whole of the claim of Lulu Nelson Greve was disallowed by commissioners on claims appointed by the probate court of Wayne county. Plaintiffs then sought to appeal to the circuit court for the county of Wayne. April 25, 1929, a petition was filed in the probate court for Wayne county on behalf of both plaintiffs to extend the time 40 days from April 25, 1929, in order to permit plaintiffs to perfect their appeal to the circuit court. An order was entered therein giving the parties such additional time to ap-

peal. After the appeal was filed in the circuit court for Wayne county defendant moved to dismiss their appeal for the reasons that plaintiffs had not properly perfected their appeal and had failed to fulfill and comply with 3 Comp. Laws 1915, § 14154, and had failed to comply with and fulfill the requirements of 3 Comp. Laws 1915, § 14152. This motion was granted, whereupon plaintiffs moved to set aside the order of the circuit court for Wayne county dismissing their appeal, and to reinstate such appeal, claiming that on the 15th day of June, 1929, their attorney had prepared the proof of service of the orders and notices of appeal but was unable to procure the signature of Harry G. Jackson, the party making such service, prior to the 25th of June, 1929, "by circumstances entirely beyond the control of the above-named appellant, and beyond the control of deponent." The circuit court refused to set aside the order dismissing plaintiffs' appeal and denied their application to appeal under the terms of the proviso contained in section 14154, 3 Comp. Laws 1915, hereinafter quoted, and petitioners bring mandamus to compel the trial court to set aside the order dismissing petitioners' petition and to reinstate their appeal in the circuit court.

Two main questions are presented:

*First.* Did the court err in dismissing petitioners' appeal?

Section 14154, 3 Comp. Laws 1915, provides:

"The person appealing shall procure and file in the circuit court to which the appeal is taken, within thirty days after such appeal is taken, a certified copy of the record or proceedings appealed from, of the notice of and reasons for such appeal, and of the bond on appeal filed in the probate court and of the order of the probate court directing notice to the

adverse party, together with evidence that notice has been given to the adverse party according to the order of the probate court. And in case the record herein required to be filed in the circuit court shall not be filed in such court within the time herein directed, such appeal shall cease to be of effect, and the order, decree, allowance or disallowance so appealed from shall stand as though such appeal had not been taken. And the certificate of the clerk of such circuit court of the filing or non-filing of such record in the circuit court may be filed in the probate court from which such appeal was taken, and when so filed shall be treated as evidence: *Provided,* That the circuit court to which the appeal is taken shall have power, upon application within the first ten days of the term of court next succeeding the expiration of the said thirty days for filing said certified copy, to reinstate said appeal, when the party making the appeal has been prevented from perfecting the same by circumstances not under his control.''

This statute has been frequently construed. *Merriman* v. *Jackson Circuit Judge,* 95 Mich. 277; *Gorton* v. *Livingston Circuit Judge,* 97 Mich. 561; *Hosey* v. *Ionia Circuit Judge,* 120 Mich. 280; *Szarama* v. *Tylman's Estate,* 237 Mich. 676. Plaintiffs did not file their proof of service within the statutory period, and their appeal was properly dismissed.

*Second.* Did the circuit court err in not reinstating plaintiffs' appeal?

The affidavit above quoted is in general terms. It states a legal conclusion. It details no facts and circumstances to enable the court to determine the truth or falsity of such conclusion. It is only sufficient, if given full force and effect, to invoke the exercise of the discretion of the trial court. This

court ought not to interfere with the action of the trial court unless that discretion has been abused. We cannot, on this record, find such abuse of discretion.

Mandamus is therefore denied, with costs to defendant.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.