*In re* BUCHOLTZ ESTATE.

FRIEDLAND *v.* BUCHOLTZ.

APPEAL AND ERROR—PROBATE COURT—CIRCUIT COURT—REINSTATE-
MENT OF APPEAL—WAIVER.

>  Dismissal by circuit court of appeal to it from probate court
>  from order determining heirs was proper, where appellant had
>  not perfected his appeal within 30 days and had allowed 10
>  days of ensuing term of circuit court to elapse without taking
>  any action to reinstate the appeal and upon pretrial appellee
>  immediately raised the issue, there being no waiver of rights
>  by appellee (CL 1948, § 701.41).

Appeal from Huron; Bach (Arthur M.), J. Submitted December 5, 1962. (Docket No. 97, Calendar No. 49,250.) Decided December 31, 1962.

Violet Friedland, administratrix of the estate of Harry Bucholtz, deceased, was determined as daughter and sole heir, as against claim of Herman Bucholtz, father of deceased. Appeal of defendant, Herman Bucholtz, father, to circuit court dismissed. Defendant appeals. Affirmed.

*Donald R. Clark,* for plaintiff.

*C. W. Hatfield,* for defendant.

KELLY, J. Appellant filed a petition in the probate court of Huron county for administration of the

REFERENCES FOR POINTS IN HEADNOTE

4 Am Jur 2d, Appeal and Error §§ 292–308; 5 Am Jur 2d, Appeal and Error §§ 928–930.

estate of his son, Harry Bucholtz, asserting he was the sole heir.

Appellee entered her appearance and filed a sworn petition alleging that she was Harry Bucholtz's daughter and claiming to be the sole heir to his estate.

The judge of probate determined that appellee was the daughter and sole heir of deceased.

A Detroit handwriting expert was then employed to examine deceased's signature on documents stating that he was the father of appellee and that he desired a license to marry her mother. After examining the petition for waiver of waiting period, the marriage license, and the guardianship file, the expert concluded that the signatures were those of the deceased.

May 20, 1960, the probate court denied motion for rehearing, and appellant submitted his claim of appeal to the circuit court on June 2, 1960.

July 6, 1960, appellant sent a letter to the county clerk enclosing certain copies from the probate court proceedings and stating, "I don't know the fee for filing until I call the local clerk but I believe it is $4, I will send it out tomorrow." This letter was received by the county clerk on July 8, 1960, at a time when the 30-day period from the date of the claim of appeal (June 2, 1960) had elapsed.

The $4 entry fee was not paid until September 1, 1960, and the clerk entered the appeal upon the records of the court on September 4, 1960.

Appellant did not file a petition to reinstate his defective appeal.[*]

---

[*] "Provided, That the circuit court to which the appeal is taken shall have power, upon application within the first 10 days of the term of such court next succeeding the expiration of said 30 days for filing said certified copy, to reinstate said appeal, when the party making the appeal has been prevented from perfecting the same by circumstances not under his control." CL 1948, § 701.41 (Stat Ann 1943 Rev § 27.3178[41]).

The regular terms of Huron county circuit court are October, January, April, and June, on the first Monday thereof.

Appellant praeciped the case on November 7, 1960, and requested the case be placed on the calendar for immediate trial. The court set the case for a January 12, 1961, pretrial.

At the opening of pretrial, appellee notified the court she desired to file motion for dismissal of appeal, and on February 1, 1961, appellee filed such motion, calling attention to the statute* and, also, to the facts set forth above. Petitioner prayed:

"That the appeal from the probate court to the circuit court being statutory, and the statute being directive and explicit, and the case law in construction of said statute being decisive that this court shall hold that said appeal has become ineffective by operation of law, and that said appeal be accordingly dismissed."

The court entered an order dismissing the appeal on February 23, 1961. A motion was filed to set aside the order, which was denied.

Appellant appeals, claiming the court erred in not finding that appellee waived her right to have the appeal dismissed for lack of jurisdiction, and states:

"The position of your appellant is that the appellee waiting for over 4 months after the appeal was

---

* "The person appealing shall pay the circuit court entry fee and cost of certified copies of the probate court record appealed from and shall procure and file in the circuit court to which the appeal is taken, within 30 days after such appeal is taken, a certified copy of the record or proceedings appealed from, of the notice of and reasons for such appeal, of the bond on appeal filed in the probate court and of the order of the probate court directing notice to the adverse party, together with evidence that notice has been given to the adverse party according to the order of the probate court. And in case the record herein required to be filed in the circuit court shall not be filed in such court within the time herein directed, such appeal shall cease to be of effect, and the order, decree, allowance or disallowance so appealed from shall stand, as though such appeal had not been taken." CL 1948, § 701.41 (Stat Ann 1943 Rev § 27.3178[41]).

perfected and filing same after the 10-day period elapsed constituted a waiver. * * *

"Adding to the acts of waiver the attorney for the appellee stated on the day of the hearing of this motion to dismiss that he waited to bring the motion until the 10-day period had elapsed."

In granting the motion to dismiss, the court stated:

"The issue before the court purely and simply is whether or not the appellee is entitled to the benefits of the statute or whether he waived his rights in allowing the appeal to be perfected after the 30 days period expired and thus waived his rights to the statutory provisions. Appellant relies basically on *Snyder* v. *Washtenaw Circuit Judge,* 80 Mich 511. Appellee relies mainly on *Merriman* v. *Circuit Judge of Jackson County,* 95 Mich 277, and *Szarama* v. *Tylman's Estate,* 237 Mich 676. The *Merriman Case* distinguished the *Snyder Case* by stating that in the *Snyder Case* there was a waiver of the jurisdictional questions, especially as there was yet time to have moved within the 10-day provision when the alleged waiver occurred. This is not the question here. Under the facts of the case, appellant allowed the 10-day period of the October term to pass without taking any action to reinstate said appeal, et cetera.

"Appellant had a duty during that period to reinstate the appeal, if he could show that he had been prevented from perfecting the same by circumstances not under his control. This he did not do. Appellee, when the matter was set for pretrial, immediately raised the issue. The court is therefore of the opinion that there were no acts on the part of the appellee that constituted a waiver of his [her ?] rights."

We agree with the lower court's opinion and hold the court did not err in dismissing the appeal.

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.